## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

### MDL No. 381.

United States District Court,
E.D. New York.

April 21, 1983.

## PRETRIAL ORDER NO. 50

GEORGE C. PRATT,* Circuit Judge.

The defendant chemical companies appeal from the special master's ruling on April 6, 1983 denying their request for production by the government of certain army documents described by the parties as the "TWIX" documents. The "TWIX" inventory was compiled as a result of a government inquiry directed to all army installations around the world to determine the existence and location of documents possibly related to this litigation.

* Of the United States Court of Appeals for the Second Circuit, sitting by designation.

Two years ago, in April 1981, the government notified the defendants that inventories of the documents were available on microfilm. Rather than requesting specific documents, the defendants demanded production of all "TWIX" documents responsive to their Phase I first wave interrogatories. The government maintained that the defendants had to request specific documents.

Nearly a year ago, on May 19, 1982, the special master directed the defendants to make specific document requests. However, defendants did not make a specific request until four weeks ago, March 15, 1983, at which time they requested production of 224 documents. On April 4, 1983, the special master ordered the defendants to limit their request. When the defendants limited their request to 119 documents, rather than the number (approximately two dozen) the special master had suggested, he denied their request for production on the ground that they had waited until the eleventh hour of discovery to request documents they could have requested many months ago.

The defendants argue that the documents are relevant, that they were unable to make their specific requests earlier because of the massive discovery in this litigation, and that the government has not shown that production is burdensome. The government, in opposition to defendants' appeal, indicates that production of the documents would place a burden both on the government and the court because, in addition to the fact that some of the documents are classified and would have to be reviewed for declassification, the documents are stored at eleven different locations. The government notes that the task of declassifying and transporting the documents would have to be performed in the very short period remaining before trial of the government contract defense commences on June 27, 1983.

The scope and timing of discovery is within the discretion of the trial court. *See* Wright and Miller, *Federal Practice and Procedure: Civil* § 2006. On the record before it, the court concludes that the special master was correct in denying defendants' belated request for these documents. While the documents may be relevant to the litigation, the same request could have been made more than a year ago. "[I]f the matter really wasn't important for nine months, it doesn't become important ninety or a hundred eighty days before trial." Hearing before special master, April 6, 1983, at 3967–9.

The special master's ruling is affirmed.

SO ORDERED.